```
┌─────────────────────────────────────────────────────┐
│           NOT FOR PUBLICATION WITHOUT THE            │
│           APPROVAL OF THE APPELLATE DIVISION         │
│  This opinion shall not "constitute precedent or be  │
│  binding upon any court."                            │
│  Although it is posted on the internet, this opinion │
│  is binding only on the                              │
│  parties in the case and its use in other cases is   │
│  limited. R. 1:36-3.                                 │
└─────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0795-15T3
            A-0796-15T3
            A-2338-15T3
            A-3514-15T1

GREGORY R. DUKE, on behalf
of himself and all others
similarly situated,

    Plaintiff-Appellant,

v.

ALL AMERICAN FORD, INC.,
d/b/a ALL AMERICAN FORD,

    Defendant-Respondent.

_____

NICOLE BARBARINO, f/k/a NICOLE
D'ANGELO, on behalf of herself
and all others similarly situated,

    Plaintiff-Appellant,

v.

PARAMUS FORD, INC., d/b/a ALL
AMERICAN FORD,

    Defendant-Respondent.

_____

EDWARD M. GREENBERG and BARBARA L.
GREENBERG, on behalf of themselves

and all others similarly situated,

    Plaintiffs-Appellants,

v.

MAHWAH SALES AND SERVICE, INC.,

    Defendants-Respondents.

_____

MARK WALTERS, on behalf of himself
and all others similarly situated,

    Plaintiff-Appellant,

v.

DREAM CARS NATIONAL, LLC, GOTHAM
DREAM CARS, LLC, NOAH LEHMANN-HAUPT
and ROBERT FERRETTI,

    Defendants-Respondents.

_____

Argued March 27, 2017
Resubmitted November 27, 2017 –
Decided July 27, 2018

Before Judges Sabatino, Nugent and Currier.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket Nos. L-3010-15, L-2856-15, L-6105-15, and L-9571-14.

Kelly Magnus Purcaro argued the cause for appellants Gregory R. Duke in A-0795-15 and Nicole Barbarino in A-0796-15 (Cohn Lifland Pearlman Herrmann & Knopf, LLP, attorneys; Kelly Magnus Purcaro and Alex A. Pisarevsky, on the briefs).

Gavin J. Rooney argued the cause for respondent All American Ford in A-0795-15 and Paramus Ford in A-0796-15 (Lowenstein Sandler, LLP, attorneys; Gavin J. Rooney and Joseph A. Fischetti, on the briefs).

Michael R. McDonald argued the cause for amicus curiae New Jersey Coalition of Automotive Retailers in A-0795-15, A-0796-15 and A-2338-15 (Gibbons, PC, attorneys; Michael R. McDonald and Caroline E. Oks, on the briefs).

Michael P. Daly argued the cause for amicus curiae New Jersey Civil Justice Institute in A-0795-15 and A-0796-15 (Drinker Biddle & Reath, LLP, attorneys; Michael P. Daly, Daniel E. Brewer and Jenna M. Poligo, on the briefs).

Michael A. Galpern argued the cause for amicus curiae New Jersey Association for Justice in A-0796-15, A-2338-15 and A-3514-15 (Locks Law Firm, LLC, attorneys; Michael A. Galpern, Andrew P. Bell and James A. Barry, on the briefs).

Jeffrey W. Herrmann argued the cause for appellant Edward M. Greenberg and Barbara L. Greenberg in A-2338-15 (Cohn Lifland Pearlman Herrmann & Knopf, LLP, attorneys; Jeffrey W. Herrmann, Kelly Magnus Purcaro and Alex A. Pisarevsky, on the briefs).

Thomas G. Russomano argued the cause for respondent Mahwah Sales in A-2338-15 (Schiller & Pittenger, PC, attorneys; Perry A. Pittenger, of counsel; Thomas G. Russomano, of counsel and on the brief; Jay B. Bohn, on the brief).

Philip A. Goldstein argued the cause for amicus curiae Capital One Bank (USA) N.A. in A-2338-15 (McGuire Woods LLP, attorneys; Philip A. Goldstein, on the brief).

Andrew R. Wolf argued the cause for appellant Mark Walters in A-3514-15 (The Wolf Law Firm, LLC, and Poulos LoPiccolo, PC, attorneys; Matthew S. Oorbeek, Andrew R. Wolf and Joseph LoPiccolo, on the brief).

Michael R. McDonald argued the cause for respondents in A-3514-15 (Gibbons, PC, attorneys; Michael P. McDonald and Caroline E. Oks, on the brief).

PER CURIAM

These appeals, which we consolidate, concern the purchase, lease, or rental of motor vehicles and the New Jersey Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14 to -18. In three of the cases, plaintiffs filed single-count, putative class action complaints. In the fourth, plaintiff pled a putative class action TCCWNA claim in his complaint's first count. Plaintiffs alleged the existence of certain clauses in the purchase, lease, and rental documents violated TCCWNA and thus entitled them to statutory damages. They did not allege they nor any putative class member suffered an adverse consequence because of the clauses. As an adverse consequence is a necessary element of the TCCWNA cause of action, we reject the appeals and affirm the orders dismissing their class action TCCWNA claims consistent with the Supreme Court's recent decision in Spade v. Select Comfort Corp., 232 N.J. 504 (2018).

Because we are reviewing orders of dismissal for failure to state a claim upon which relief can be granted, Rule 4:6-2(e), we recount the material facts alleged in the complaint and the documents on which the complaints are based. Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005).

A.

The first three cases — Gregory R. Duke v. All American Ford, Inc., d/b/a All American Ford, Nicole Barbarino v. Paramus Ford, Inc., d/b/a All American Ford, and Edward M. Greenberg and Barbara L. Greenberg v. Mahwah Sales and Service, Inc. — involve contracts for the lease or purchase of vehicles. Plaintiff Gregory R. Duke leased a Ford Explorer from defendant All American Ford, Inc. Plaintiff Nicole Barbarino leased a Ford Edge from defendant Paramus Ford, Inc. Plaintiffs Edward M. Greenberg and Barbara L. Greenberg purchased a Ford Mustang from defendant Mahwah Sales and Service, Inc. Among the documents plaintiffs signed were "Motor Vehicle Retail Purchase Order Forms" ("Order Forms") that contained the following clause (the "Taxes Clause"):

> Payment of Sales and Use Taxes: The price of the motor vehicle specified on the face of this Order includes reimbursement for certain Federal Excise taxes but does not include sales taxes and use taxes (Federal, State or Local) or other taxes, unless expressly stated. Consumer assumes and agrees

5

to pay, <u>unless prohibited by law</u>, any such sales, use or occupational taxes imposed on or applicable to the transaction covered by this Order, regardless of which party may have primary tax liability.

[(Emphasis added).]

The plaintiffs' putative class action complaints alleged the Taxes Clause in the Order Forms violated Section 16 of the TCCWNA, which states, among other terms:

> No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable, or inapplicable within the State of New Jersey. . . .
>
> [N.J.S.A. 56:12-16 ("Section 16").]

Plaintiffs asserted the existence in the Order Forms of a clause that violated Section 16 entitled them and class members to statutory penalties under the TCCWNA's remedial provision, N.J.S.A. 56:12-17 ("Section 17"), which states:

> Any person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs. This may be recoverable by the consumer in a civil action in a court of competent jurisdiction or as part of a counterclaim by the consumer against the seller, lessor, creditor, lender or bailee or assignee of any of the aforesaid, who aggrieved him. A

6

> consumer also shall have the right to petition the court to terminate a contract which violates the provisions of Section 2 of this act and the court in its discretion may void the contract.

No complaint alleged a plaintiff or putative class member suffered damage or any adverse consequence because of the existence of the Taxes Clause in the Order Forms.

The fourth case, <u>Mark Walters v. Dream Cars National, LLC, Gotham Dream Cars, LLC, Noah Lehmann-Houpt, and Robert Feretti</u>, involved Walters' rental of a Lamborghini Murcielago LP 640 Roadster from Dream Cars National, LLC ("Dream Cars National"), in Englewood.[1]  He intended to drive the Lamborghini in the 2012 Gumball 3000 Rally, a weeklong trip across the United States and Canada with periodic events scheduled along the way.

Walters' First Amended Complaint included four counts.  The first count alleged a TCCWNA claim on behalf of a putative class. The remaining three counts alleged causes of action concerning only Walters.  These counts alleged a violation of the New Jersey

---

[1]  Walters asserted in the complaint that Dream Cars National and Gotham Dream Cars, LLC were interrelated companies and the individual defendants were principals of the companies.  He also alleged various theories as to why those defendants not a party to the rental agreement were nonetheless liable.  These theories are not relevant to these appeals, so we refer only to Dream Cars National as the defendant.

A-0795-15T3

Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 to -210, a violation of the TCCWNA based on the CFA, and breach of the rental agreement.

The rental agreement between Walters and Dream Cars National included the following clauses in its sixth, seventh, and twelfth paragraphs (respectively, the "Insurance Clause," the "Penalty Clause," and the "Release Clause"):

> Where state law requires us to provide auto liability insurance, or if you have no auto liability insurance, we provide auto liability insurance (the "Policy") that is secondary to any other valid and collectible insurance whether primary, secondary, excess or contingent. The policy provides bodily injury and property damage liability coverage with limits no higher than minimal levels prescribed by the vehicle responsibility laws of the state where the damage or loss occurs. You and we reject PIP, medical payments, no fault and uninsured and under-insured motorist coverage, where permitted by law. . . .

> You will pay us, or the appropriate government authorities, on demand, all charges due us under this Agreement including . . . (i) a 2% per month late payment fee, or the maximum amount allowed by law on all amounts past due . . . (k) $25, or the maximum amount permitted by law, whichever is greater, if you pay us with a check returned unpaid for any reason. . . .

> Unless prohibited by law, you release us from any liability for consequential, special or putative damages in connection with this rental or the reservation of a vehicle. If any provision of this agreement is deemed void or unenforceable, the remaining provisions are valid and enforceable. . . .

[(Emphasis added).]

The complaint expressly stated the following "questions of law and fact common to the members of the Class":

> a. Whether [the Insurance Clause] of the Rental Agreement and Addendum used by Defendants in the transactions with Plaintiff and those similarly situated violated the TCCWNA by stating "You and we reject PIP, medical payments, no-fault and uninsured and under-insured motorist coverage, where permitted by law.", and failing to specify what the law in New Jersey is and if it permits rejection of the insurance coverage;
>
> b. Whether [the Penalty Clause] of the Rental Agreement and Addendum used by [d]efendants in the transactions with [p]laintiff and those similarly situated violated the TCCWNA by stating ". . . a 2% late payment fee, or the maximum allowed by law . . ." and ". . . $25 or the maximum amount permitted by law, whichever is greater . . .", and failing to specify what the law in New Jersey is and failing to specify whether the law in New Jersey permitted the late and returned-check charges set forth therein;
>
> c. Whether [the Release Clause] of the Rental Agreement and Addendum used by [d]efendants in the transactions with [p]laintiff and those similarly situated violated the TCCWNA by stating "Unless prohibited by law, you release us from any liability . . .", and failing to specify what the law in New Jersey is and failing to specify whether the law in New Jersey prohibited the release from liability set forth therein; and
>
> d. Whether [p]laintiff and those similarly situated are entitled to statutory damages of not less than $100 for each violation of TCCWNA.

9

The amended complaint did not allege Walters or a putative class member suffered any adverse consequence or damage because of the existence of the Insurance, Penalty, and Release Clauses.

B.

In each case, after plaintiffs filed their respective complaints, defendants filed motions to dismiss the complaints under Rule 4:6-2(e) for failure to state a claim upon which relief could be granted. The court dismissed the Duke, Barbarino, and Greenberg complaints, and dismissed the TCCWNA claims in the first and third counts of the Walters amended complaint.

The court determined in Duke, Barbarino, and Greenberg the Taxes Clause did not violate the TCCWNA. The court explained when plaintiffs executed the Order Forms, they were obligated under New Jersey law to pay the sales tax on leased or purchased vehicles. The court observed plaintiffs did not allege they suffered any injury as a result of the Taxes Clause.

Addressing the Taxes Clause language plaintiffs deemed unlawful — i.e., "[c]onsumer assumes and agrees to pay, unless prohibited by law, any such sales, use or occupational taxes imposed on or applicable to the transaction" — the court noted the language did not state the Taxes Clause varied by State. The court concluded because Section 16 of the TCCWNA prohibits a

consumer contract from stating a provision or provisions "may be void, enforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey," the statute applied only to multi-jurisdictional contracts. The court noted if plaintiffs' interpretation of Section 16 were correct, plaintiffs and the putative class would reap a windfall in the form of civil penalties, despite suffering no harm or deprivation of rights, and thereby subject retailers to potentially endless liability even though they seemingly comply with the language of the TCCWNA as drafted.

For similar reasons, the court dismissed the First Amended Complaint's putative class action count in Walters, as well as the third count's TCCWNA claim based on a CFA violation. The court rejected Walters' argument that "the TCCWNA . . . flatly prohibit[s] such flexible language as 'where permitted by law', 'maximum amount allowed by law', or 'unless prohibited by law' even in cases where the applicability of New Jersey law is uncontroverted or no known right of the consumer has been violated." The court concluded Section 16 contained an express jurisdictional or geographic qualifier in its prohibitory language. In other words, the prohibition in Section 16 applies only when a contractual provision may be void, unenforceable or

A-0795-15T3

inapplicable in some jurisdictions. The court deemed "jurisdictions" to be the geographic qualifier. If a contract — such as Walters' rental agreement — were subject to New Jersey law only, the Section 16 prohibition did not apply to the transaction. The rental agreement in Walters expressly provided, "[t]his agreement and all associated vehicle rentals are governed by the laws of the State of New Jersey." There is no geographic ambiguity in that declaration.

The court also concluded the Insurance, Penalty, and Release Clauses did not violate the TCCWNA because they did not "declaratively or impliedly state . . . [they] may be void, unenforceable, or inapplicable in some state without specifying the validity, enforceability, or applicability in the State of New Jersey." Thus, according to the court, the clauses "nowhere implicate[] other state law."

Plaintiffs in Duke, Barbarino, and Greenberg appealed. Walters filed a motion for leave to appeal. We granted Walters "leave to appeal the trial court's . . . order insofar as it dismissed Count I of the First Amended Complaint, plaintiff's class-based claim." We denied Walters "[l]eave to appeal . . . insofar as the order dismissed Count III of the First Amended Complaint."

During the appellate proceedings, we granted leave to appear as amicus curiae to the New Jersey Coalition of Automotive Retailers, Inc. (NJCAR), the New Jersey Association for Justice, the New Jersey Civil Justice Institute, and Capital One Bank (USA), N.A. We also invited supplemental briefs, most recently following the Supreme Court's decision in Spade.

## II.

In their initial appellate arguments, plaintiffs asserted the trial court erred in finding the Taxes Clause at issue in Duke, Barbarino, and Greenberg and the Insurance, Penalty, and Release Clauses at issue in Walters did not violate Section 16 of the TCCWNA. They contended the "unless prohibited by law" phrase in the Order Forms and phrases such as "where state law requires us" and "the maximum amount permitted by law" found in Walters' rental agreement are the substantial equivalent of the language prohibited by Section 16 of the TCCWNA. According to plaintiffs in Duke, Barbarino, and Greenberg, in order to state a claim for relief under Section 16, a complaint must "sufficiently allege facts which satisfy three elements." The elements, according to plaintiffs, are:

    1) There is a consumer contract;

    2) The consumer contract states that one of its provisions is or may be void,

13

> unenforceable or inapplicable in some jurisdictions; and
>
> 3) The consumer contract fails to specify whether this provision is or is not void, unenforceable or inapplicable in New Jersey.

Plaintiffs insisted their complaints pled facts to satisfy these elements.

Following the Supreme Court's decision in <u>Spade</u>, plaintiffs in <u>Duke</u>, <u>Barbarino</u>, and <u>Greenberg</u> acknowledged "[t]he Supreme Court in <u>Spade</u> determined that an additional element of 'harm' is required to be an 'aggrieved consumer' entitled to relief under TCCWNA Section 15."[2] Plaintiffs asked the court to remand their cases to the trial court with leave to file amended complaints.

In their initial arguments, defendants responded the TCCWNA's plain language and legislative history supported the trial court's decision. They argued that Section 16 neither obligated defendants to inform consumers of the state of the law in New Jersey nor barred the use of conditional language in consumer contracts. Defendants also argued the Taxes, Insurance, Penalty, and Release Clauses did not state they were or may be void, unenforceable or

---

[2] Walters argued that because his claim for contractual damages included the two percent late fee, he had suffered actual harm. Even if such a claim is viable under the TCCWNA, Walters' complaint makes clear this claim involves his individual causes of action, not his class action TCCWNA claim, the latter being the only claim for which we granted leave to appeal.

inapplicable in some jurisdictions, and therefore did not violate Section 16. Lastly, defendants argued when clauses such as these conform with New Jersey law, they do not offend the TCCWNA.

Amicus Capital One Bank reiterated defendants' arguments and added that use of conditional language in multi-jurisdictional contracts did not necessarily constitute a Section 16 violation. Capital One Bank also argued that plaintiffs' Section 16 claim concerning the Taxes Clause failed due to the absence of any allegation the Retail Order containing the Taxes Clause was void, unenforceable, or inapplicable in New Jersey.

Amicus NJCAR reiterated and amplified defendants' arguments. Amicus New Jersey Civil Justice Institute added that to be "an aggrieved consumer" under TCCWNA's Section 17, a plaintiff must have suffered "some measure of concrete, particularized harm." More specifically, the New Jersey Civil Justice Institute argued Section 17 of TCCWNA entitles only "aggrieved" consumers to the $100 remedial penalty and a consumer is not "aggrieved" under Section 17 merely by being a party to a contract containing clauses that violate either Section 15 or 16. Amicus The New Jersey Association for Justice argued Section 16 did not require proof that a contract was used in multiple jurisdictions or that a predicate violation had occurred; and, that the remedial provisions of Section 17 entitled an aggrieved consumer to the

 A-0795-15T3

statutory remedy even absent proof of actual deception or actual damages.

Following the Supreme Court's decision in <u>Spade</u>, defendants and the amici aligned with them argued the <u>Spade</u> decision foreclosed "no injury" TCCWNA class actions. They argued the <u>Spade</u> holding was another ground — in addition to those grounds argued in their previous submissions — for affirming the trial court orders dismissing the putative class action TCCWNA claims.

III.

A.

Motions to dismiss under <u>Rule</u> 4:6-2(e) "should be granted only in rare instances and ordinarily without prejudice." <u>Smith v. SBC Commc'ns, Inc.</u>, 178 N.J. 265, 282 (2004). This standard "is a generous one." <u>Green v. Morgan Props.</u>, 215 N.J. 431, 451 (2013).

> [A] reviewing court searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary. At this preliminary stage of the litigation the Court is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint. For purposes of analysis plaintiffs are entitled to every reasonable inference of fact. The examination of a complaint's allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach.

16

> [Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (citations omitted).]

Nonetheless, a court must dismiss a complaint if it fails "to articulate a legal basis entitling plaintiff to relief." Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005) (citation omitted). "A pleading should be dismissed if it states no basis for relief and discovery would not provide one." Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011) (citation omitted).

Our review of a trial court's order dismissing a complaint under Rule 4:6-2(e) is plenary. Gonzalez v. State Apportionment Comm'n, 428 N.J. Super. 333, 349 (App. Div. 2012). We apply the same standard as the trial judge. Malik v. Ruttenberg, 398 N.J. Super. 489, 494 (App. Div. 2008).

B.

When the Legislature enacted the TCCWNA in 1981, it "did not recognize any new consumer rights but merely imposed an obligation on sellers to acknowledge clearly established consumer rights and provided remedies for posting or inserting provisions contrary to law." Dugan v. TGI Fridays, Inc., 231 N.J. 24, 68 (2017) (quoting Shelton v. Restaurant.com, Inc., 214 N.J. 419, 432 (2013) (citing N.J.S.A. 56:12-15 to -16)). The Legislature had observed that

17

"[f]ar too many consumer contracts, warranties, notices and signs contain provisions which clearly violate the rights of consumers" and that the "very inclusion in a contract, warranty, notice or sign deceives a consumer into thinking they are enforceable, and for this reason the consumer often fails to enforce his rights." Ibid. (alteration in original) (quoting Sponsor's Statement to A. 1660 to 1980).

For these reasons, the TCCWNA prohibits sellers, lessors, creditors, lenders and bailees from offering or entering into written consumer contracts, or displaying any written consumer warranties, notices, or signs, that include "any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law." N.J.S.A. 56:12-15. In addition, in Section 16, the TCCWNA prohibits the inclusion in a consumer contract, warranty, notice or sign of language stating "that any of its provisions is or may be void, unenforceable, or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey."

Spade involved plaintiffs who signed contracts to purchase furniture. The contracts included language that violated regulations the Attorney General had promulgated under the

authority of the CFA concerning the content of contracts of sale or sale orders for the delivery of household furniture. Spade, 232 N.J. at 508. The Supreme Court addressed two questions of law certified to it by the United States Court of Appeals for the Third Circuit:

> 1. Does a violation of the Furniture Delivery Regulations alone constitute a violation of a clearly established right or responsibility of the seller under the TCCWNA and thus provides a basis for relief under the TCCWNA?
>
> 2. Is a consumer who receives a contract that does not comply with the Furniture Delivery Regulations, but has not suffered any adverse consequences from the noncompliance, an "aggrieved consumer" under the TCCWNA?
>
> [Id. at 508-09.]

The Supreme Court "answer[ed] the first certified question in the affirmative and the second certified question in the negative." Id. at 509.

The Court noted the second question required it to "determine whether a consumer who receives a contract containing provisions that violate one of the regulations at issue, but who has suffered no adverse consequences as a result of the contract's noncompliance with the regulation, constitutes an 'aggrieved consumer,' as that term is used in N.J.S.A. 56:12-17." Id. at 520. Finding ample evidence of legislative intent in the TCCWNA's plain language to

19

answer the question, the Court reasoned that if the term "aggrieved consumer" in [Section 17], the TCCWNA's remedial provision, meant nothing more than the word "consumer" as defined in Section 15 — any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes — the term "aggrieved" in Section 15 would be be superfluous.  Id. at 521-22.

To give the term "aggrieved" significance, and relying on Black's Law Dictionary (5th ed. 1979), the Oxford English Dictionary (2d ed. 1989), and Webster's Third New International Dictionary,(3d ed. 1981) as "reference sources contemporaneous to the TCCWNA's enactment," the Court interpreted the term "aggrieved consumer" as denoting "a consumer who has suffered some form of harm as a result of the defendant's conduct."  Spade, 232 N.J. at 522.

The Court did not, however, "view that harm to be limited to injury compensable by monetary damages."  Id. at 523.  For example, "[i]f an untimely delivery and misleading 'no refunds' language leave a consumer without furniture needed for a family gathering, the consumer may be an 'aggrieved consumer' for purposes of N.J.S.A. 56:12-17."  Id. at 523-24.  Nevertheless, the Court concluded that "[i]n the absence of evidence that the consumer suffered adverse consequences as a result of the defendant's

regulatory violation, a consumer is not an 'aggrieved consumer' for purposes of the TCCWNA." Id. at 524.

The Court defined the four elements of a Section 15 TCCWNA claim: (1) defendant was a seller; (2) defendant offered or entered into a written consumer contract; (3) at the time the written consumer contract is signed or displayed, that writing contains a provision that violates any clearly established legal right of a consumer or responsibility of a seller; and (4) plaintiff is an "aggrieved consumer." Id. at 516.

Under Section 16, the third element would require proof that at the time a written consumer contract is signed or a written consumer warranty, notice or sign is displayed, the writing contains language prohibited by that statutory section. Concerning the Supreme Court's holding in Spade, we discern no significant difference between Sections 15 and 17 on the one hand, and Sections 16 and 17 on the other; nor have plaintiffs argued there is such a distinction.

In the four actions before us, plaintiffs' class action claims all fail to state a viable TCCWNA cause of action. The complaints do not allege that any plaintiff or any member of a putative class has suffered harm or an adverse consequence as the result of a consumer contract, notice, sign, or warranty containing any provision or language prohibited by Section 16. Accordingly, the

21                                                A-0795-15T3

trial court properly dismissed the class action TCCWNA complaints for failure to state a claim upon which relief can be granted.

Plaintiffs request that these matters be remanded to permit them to amend their complaints. The Supreme Court has admonished that "dismissals pursuant to Rule 4:6-2(e) should ordinarily be without prejudice and that plaintiffs generally should be permitted to file an amended complaint to cure the defects in their pleading." Nostrame v. Santiago, 213 N.J. 109, 128 (2013). Here, however, plaintiffs have not explained in their post-Spade briefs how putative class members could have suffered an adverse consequence under the contracts. We need not mandate an exercise in futility. See Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 256 (1997) ("courts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law. In other words, there is no point to permitting the filing of an amended pleading when a subsequent motion to dismiss must be granted." (quoting Mustilly v. Mustilly, 287 N.J. Super. 605, 607 (Ch. Div. 1995)). Hence we affirm the dismissal of the class action TCCWNA claims with prejudice.

In view of our disposition of these matters, we need not address defendants' remaining arguments for affirmance.

A-0795-15T3

IV.

In <u>Duke</u>, <u>Barbarino</u>, and <u>Greenberg</u>, plaintiffs' putative TCCWNA class action complaints were properly dismissed in their entirety for failing to state a claim upon which relief could be granted, the complaints having failed to allege plaintiffs or any putative class member suffered an adverse consequence as a result of language in a consumer contract that allegedly violated the TCCWNA. For the same reason, the first count of Walters' amended complaint was properly dismissed. The orders dismissing the TCCWNA class actions under <u>Rule</u> 4:6-2(e) are affirmed. <u>Walters</u> is remanded for further proceedings on the open second and fourth counts of the complaint. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0795-15T3